CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY STEVE DAVIS,<br>    Plaintiff, | )<br>)   Civil Action No. 7:07cv00582<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIEN,<br>    Defendant. | )   By: Hon. Glen E. Conrad<br>)   United States District Judge |

Plaintiff Roy Steve Davis, Federal Register No. 16159-083, a federal inmate in custody at United States Penitentiary Lee County ("USP Lee"), in Jonesville, Virginia, filed this pro se action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because plaintiff alleges that he did not receive due process prior to being placed in the special housing unit ("SHU") and that he has been subjected to unconstitutional conditions in the SHU, rather than challenging the fact or duration of his confinement, the court will construe the action as a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. §1331.[1] For the reasons that follow, plaintiff's complaint

---

[1] A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).
    "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a challenge related to the calculation of a prisoner's sentence is properly brought under § 2241 because it affects the length of his or her confinement. Id. at 487. However, constitutional claims are clearly civil in nature and in and of themselves do not affect the length of petitioners' sentence. Therefore, the instant claims are not properly raised pursuant to 28 U.S.C. § 2241. Id. Instead, these constitutional claims must be raised by way of a civil rights complaint, pursuant to 42 U.S.C. § 1983 or Bivens, and be subject to the $350 filing fee required for such cases, the requirement that an inmate plaintiff exhaust all available avenues of administrative review, and limitations on a prisoner's ability to file a civil rights complaint without complete prepayment of the filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1914; 42 U.S.C. § 1997e(a); 28 U.S.C. §1915(g). Here, plaintiff's claims are civil claims that do not affect the fact or duration of his confinement; thus, plaintiff's claims are not properly raised pursuant to § 2241,
(continued...)

will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which the court may grant relief.[2]

## I. Factual Summary[3]

Plaintiff states that he has been housed in the SHU since October 19, 2007, without "written notice . . . as to reasons why." He states that "no investigation or hearing in the matter was conducted," that he has not had a "30 day segregation review," and that "unit team members" and others have refused "to provide as requested administrative remedies forms, tort claim [forms], and [a] disciplinary hearing officer report." He adds that he was denied "his subscribed newspaper until December 3rd, 2007[,] without proper notification passed out on November 29, 2007[, which] creates a liberty interest." He further contends: "being force [sic] in cells with assaultive or mentally disturbed inmate creating incident write-up; mentally disturbed inmates banging on cell doors during the day and nights is unbelievable."

---

[1](...continued)
and the court will address them as a Bivens action.
    The court adds that plaintiff has been advised at least four times of the impropriety of his attempts to bring civil rights actions under § 2241, and that a challenge to his security classification does not present a habeas claim. See Davis v. O'Brien, Civil Action No. 7:07-cv-00550 (W.D. Va. November 29, 2007); Davis v. Haynes, Civil Action No. 5:06cv111 (N.D. W.Va. October 3, 2006); Davis v. Driver, Civil Action No. 1:07cv13 (N.D. W.Va. March 14, 2007, and October 24, 2007). Upon a review of the United States Courts' electronic docketing system, the court further notes that, as of this date, petitioner has applied for habeas relief twenty times. In all, petitioner has filed, as of this date, at least thirty-two actions in federal courts since 1992; apparently fourteen of those actions have been styled as habeas petitions pursuant to § 2241.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] The facts have been gleaned from the complaint.

2

## II. ANALYSIS

In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges[4] [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427

---

[4] For example, the privilege to receive newspapers. Prisoners retain those rights which are not inconsistent with their status as prisoners or with legitimate penological objectives, and prison practices that impinge upon a prisoner's rights with respect to mail must be reasonably related to a legitimate penological interest. See Hudson v. Palmer, 468 U.S. 517, 523 (1984); Altizer v. Deeds, 191 F.3d 540, 547 (4th Cir. 1999) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)) (a prison policy that impinges on an inmate's constitutional right is valid "if it is reasonably related to legitimate penological interests"). Bureau of Prison regulations permit Warden O'Brien to restrict the amount of personal property that a prisoner may retain in the SHU based on reasons of security, fire safety, or housekeeping considerations. 28 C.F.R. § 541.22(d); see also Turner, 482 U.S. at 89 (establishing a four-factor analysis for determining the constitutional validity of prison regulations). Additionally, the practice of limiting reading materials during such segregation, pursuant to 28 C.F.R. § 541.21(c)(8), bears a "valid, rational connection" to the legitimate governmental interest in deterring and punishing misbehavior, because permitting inmates whatever reading materials they desire would eliminate one of the punitive aspects of disciplinary segregation. See Turner, 482 U.S. at 89 (internal quotation marks omitted); see also Maydak v. United States, 98 Fed. Appx. 1 (D.C. Cir. April 20, 2004) (rehearing denied June 23, 2004) (plaintiff's claims failed "because he . . . alleged no facts showing that [the] BOP had any duty to deliver newspapers to him while he remained in disciplinary segregation").

3

U.S. 215, 224 (1976). In order for plaintiff to prevail on his due process claim, he must show that his punishment was not "within the normal limits or range of custody which the conviction has authorized the [BOP] to impose." See Sandin, 515 U.S. at 478 (quoting Meachum, 427 U.S. at 225).[5] Therefore, the court finds that plaintiff has failed to state a claim of constitutional magnitude as to his due process claim.

To establish an Eighth Amendment living conditions claim, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While the conditions in the SHU may be "unbelievable," plaintiff has not alleged anything to suggest that these conditions violate contemporary standards of decency.[6] Nor has he demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, plaintiff fails to state a constitutional claim under the Eighth Amendment.

---

[5] In certain circumstances not present here, such as when an inmate is faced with loss of statutory good-time credits or solitary confinement, some additional protections may be available. Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974).

[6] Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). And, as the court has already observed, the plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler, 989 F.2d at 1380-1381; Helling, 509 U.S. 25.

To the extent plaintiff alleges that he has been denied access to the administrative remedies system, inmates do not have a constitutionally protected right to participate in a grievance procedure. Brown v. Dodson, 863 F. Supp. 284 (W.D. Va. 1994); see also Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal regulations providing for administrative remedy procedure do not in and of themselves create liberty interest in access to that procedure). Under these principles, plaintiff has no actionable claim regarding defendants' responses to his grievances or their administration of the grievance process.

### III. CONCLUSION

Based on the foregoing, the court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.[7,8]

The Clerk is directed to send a certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 26th day of December, 2007.

_____
United States District Judge

---

[7] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that the dismissal of the instant complaint constitutes his third "strike" under §1915(g). See Davis v. Holland, et al., Civil Action No. 3:1994cv01477 (M.D. Pa. September 29, 2995) (Bivens complaint dismissed for failure to state a claim); Davis v. U.S. Parole Commission, Civil Action No. 1:1992cv01610 (D. Md. June 17, 1992) (mandamus petition denied on sua sponte review).

[8] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Civil Procedure by filing a notice of appeal with this court within thirty (30) days of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) or 4(a)(6).

5